BCD Delancey LLC, Petitioner-Landlord-Appellant, 
against
Angela Cruz a/k/a Angela Crespo Roman, Respondent-Tenant, and Mario Matias, "John Doe" and "Jane Doe," Respondents-Undertenants-Respondents.




Petitioner, as limited by its brief, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Heela D. Capell, J.), dated February 27, 2019, which denied its motion for summary judgment in a holdover proceeding.




Per Curiam.
Order (Heela D. Capell, J.), dated February 27, 2019, affirmed, without costs.
Petitioner's motion for summary judgment of possession was properly denied. The evidence submitted by petitioner in support of the motion, particularly the deposition testimony of respondent Mario Matias, failed to eliminate all triable issues of fact with respect to respondent's succession defense (see Rent Stabilization Code [RSC] [9 NYCRR] § 2523.5[b]), including whether respondent and tenant both resided in the subject premises as their primary residence during the two years prior to tenant's permanent vacatur (see e.g. Matter of Well Done Realty, LLC v Epps, 177 AD3d 427 [2019]; Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532 [2012]). While Petitioner cherry-picked portions of respondent's deposition testimony to suggest that tenant has been absent from the apartment for many years, the deposition testimony as a whole tends to indicate that tenant spent at least six months per year in the apartment with respondent in 2015, 2016 and 2017, when the last renewal lease expired.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: January 29, 2020